The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AYANNA ROSENBERG, individually, and on behalf of all those similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>CCS COMMERCIAL, L.L. CL. (d/b/a Credit Collection Services Commercial), and PROGRESSIVE DIRECT INSURANCE COMPANY,<br><br>                    Defendants. | NO. 2:17-CV-00476-RSL<br><br>JOINT STATUS REPORT AND DISCOVERY PLAN |

## I.   COMPLIANCE WITH RULE 26

The Rule 26(f) meeting of counsel took place via teleconference on Wednesday, May 31, 2017.  The Parties who attended the Rule 26(f) meeting and assisted in developing the Joint Status Report and Discovery Plan are:

    1.    For Plaintiff Ayanna Rosenberg:

        a)    Chase C. Alvord, Tousley Brain Stephens PLLC

        b)     Matt Ide, Ide Law Office

    2.    For Defendant CCS Commercial, LLC

        a)    Kevin Michael, Cozen O'Connor

        b)    Rachael Wallace, Cozen O'Connor

JOINT STATUS REPORT AND DISCOVERY PLAN (2:17-CV-00476-RSL) - 1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

3. For Defendant Progressive Direct Insurance Company

    a) Shannon Armstrong, Holland & Knight

## II. JOINT STATUS REPORT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and this Court's Amended Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement, the parties submit the following combined joint status report and discovery plan.

1. Nature and complexity of case:

Plaintiff's Statement:

This is a putative class action for violation of Washington's Consumer Protection Act, unjust enrichment, and injunctive relief. Plaintiff alleges that defendants' notices seeking to recover unadjudicated, unliquidated claims for tort damages from people involved in auto collisions are unfair and deceptive.

Defendants' Statement:

Plaintiff asserts a single claim for a violation of Washington's Consumer Protection Act against Defendants CCS Commercial, LLC ("CCS") and Progressive Direct Insurance Company ("Progressive") (collectively, "Defendants") based on Plaintiff's unique communications with Defendants related to a July 2013 car accident. The accident involved a Progressive insured, and Plaintiff, an uninsured motorist.

Plaintiff's CPA claim rests on the theory that certain communications constituted an unfair or deceptive act or practice not regulated by statute but nevertheless in violation of the public interest. Plaintiff's Complaint alleges affirmative misrepresentations (as opposed to material omissions).

Defendants contend that Plaintiff will be unable to present the necessary factual evidence to support the claim for violation of Washington's Consumer Protection Act, including, without limitation, the failure to present (a) evidence that the communications, whether through a representation, omission, or practice, were likely to mislead a reasonable

JOINT STATUS REPORT AND DISCOVERY PLAN (2:17-CV-00476-RSL) - 2

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

consumer; (b) evidence that the communications were likely to cause substantial injury to consumers which is not reasonably avoided by consumers; (c) evidence that the communications give rise to a public interest or otherwise impact the public interest; (d) evidence that Plaintiff was injured from the communications; and (e) evidence that the communications caused any injury alleged.

With regard to Plaintiff's class action allegations, Defendants contend that, among other things, Plaintiff will be unable to satisfy commonality and typicality requirements necessary to secure an order granting class certification given (a) questions raised by the information known to each member of the proposed class and subclass at the time of payment; and (b) the differences in experience and use amongst each class and subclass member. Similarly, Defendants maintain that Plaintiff will be unable to demonstrate that the proposed class action meets the predominance requirement under Rule 23(b)(3) because the claim asserted by Plaintiff requires a determination as to underlying liability for each particular car accident in order to prove causation (i.e., that the payment-injury would not have occurred if not for CCS's allegedly misleading communications), a showing of individualized causation by each of the proposed class members.

2.     Proposed deadline to join additional parties:

August 31, 2017.  Plaintiffs do not anticipate the need to join additional parties.

3.     Magistrate Judge:

No.

4.     Proposed deadline for filing the motion for class certification:

Because this case has been removed, remanded, and removed again since it was initially filed on September 28, 2016, the 180 day deadline for moving for class certification under LCR 23 should run from May 15, 2017, the date of the Court's order denying remand. Thus, the Parties agree to a new deadline of November 16, 2017 as the deadline to move for class certification.

JOINT STATUS REPORT AND DISCOVERY PLAN (2:17-CV-00476-RSL) - 3

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

5. Existence of any related cases pending:

The Parties are not aware of any cases related to this matter pending in other courts or before a different judge in this court.

### III. DISCOVERY PLAN

6. Initial Disclosures:

All parties served Initial Disclosures by the Court's amended deadline of June 14, 2017.

7. Expert and pretrial disclosures:

The parties agree that no changes should be made in the timing, form, or requirement for disclosures under Rule 26(a). Plaintiff and Defendants served their respective initial disclosures by June 14, 2017.

8. Subjects, timing, and potential phasing of discovery:

Plaintiff's Statement:

Plaintiffs anticipate seeking discovery relevant to class certification, the relationship between defendants, liability and damages. Plaintiffs do not see a need to sequence discovery.

Prior to the second removal of this case, King County Superior Court Judge Steve Rosen ordered Defendant CCS to respond to specified Interrogatories (Nos. 4 & 5) and Requests for Production (5-8 and 11). CCS did not comply with the Order. Plaintiffs request that CCS provided the designated discovery with their Initial Disclosures.

Defendants' Statement:

Defendants request phasing of discovery, with discovery on class certification issues first and merits discovery to take place after the Court's ruling on class certification. Plaintiff has requested a deadline of November 16, 2017 to file for class certification. Defendants do not oppose Plaintiff's request for a November 16, 2017 deadline, provided the discovery is phased accordingly.

Defendants believe the Court need not decide this issue in the abstract but should instead allow the Parties to address the scope of discovery through the customary meet and

JOINT STATUS REPORT AND DISCOVERY PLAN (2:17-CV-00476-RSL) - 4

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

confer process in connection with specific discovery requests, which is likely to obviate the need for the Court's involvement in determining the scope of discovery before Plaintiff files the motion for class certification. Defendants request that the Court should otherwise defer further case scheduling until after decision on class certification.

Defendant CCS has complied with Judge Rosen's Protective Order, which compelled CCS to respond to Interrogatory nos. 4 & 5, and Request for Production nos. 5, 6, 7, 8, & 11. The Order stays all remaining discovery. All discovery was completed per the Protective Order prior to the filing of this Joint Status Report and Discovery Plan.

9. Preservation:

The Parties have and will preserve information in their possession, custody, or control, which they have reason to believe is potentially relevant to the claims and defenses in this case. The Parties have not identified any particular issues related to the preservation or scope of the preservation obligation. The Parties intend to work cooperatively regarding the preservation of discoverable information and the scope of the preservation obligation.

10. Electronically stored information:

The Parties intend to work cooperatively regarding the discovery of electronically stored information ("ESI") and will confer regarding custodians and sources of ESI, search terms, production format and similar issues. The parties may adopt, in whole or in part, the Court's Model ESI Agreement. The case will involve ESI. The parties also anticipate filing a stipulated protective order to protect confidential business and personal information.

11. Privilege issues:

The Parties are not aware of unique or extensive claims of privilege or work product.

12. Procedure for inadvertent disclosure of privileged information:

If any privileged information is inadvertently produced, the Parties agree that the unintended recipient of the privileged information will immediately notify the sender of the

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

privileged information and will immediately return and/or delete the privileged information without reading any of the privileged information.

13. Proposed limitations on discovery:

Defendants propose that discovery related to class certification and merits be limited in time and scope, as outlined in Section "a" ("subjects, timing, and phasing of discovery").

Additionally, discovery should be limited to Washington and for the time period of the putative class and subclass claims.

Plaintiff does not propose any limitations on discovery.

14. Date discovery can be completed:

The Parties propose that the deadline for discovery should be 90 days before trial.

### IV.  LOCAL CIVIL RULE 26(F)(1)

15. Prompt case resolution:

Defendants suggest phasing of discovery and motions as to the issues of merits and class certification.

Plaintiff sees no need to phase discovery or motion practice.

16. Alternative dispute resolution:

The Parties agree to conduct a mediation no later than 60 days before trial. The parties do not intend on utilizing the Individualized Trial Program in LCR 39.2 or any ADR options in LCR 39.1.

17. Trial date:

The Parties propose a scheduling conference after the ruling on class certification.

18. Jury Trial

Plaintiff demanded a jury trial in its initial state court complaint.  F.R.C.P. 81(c)(3).

19. Length of Trial:

The Parties preliminarily at this early date expect the trial to last five days.

JOINT STATUS REPORT AND DISCOVERY PLAN (2:17-CV-00476-RSL) - 6

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

20. Filing of Disclosure Statement:

In compliance with FRCP 7.1 and LCR 7.1, Defendant Progressive Direct Insurance filed their corporate disclosure on March 27, 2017. In compliance with FRCP 7.1 and LCR 7.1, Defendant CCS Commercial LLC filed their corporate disclosure on March 31, 2017.

### V. OTHER LOCAL CIVIL RULE 26(F)(1) REQUIREMENTS

1. Pretrial statements and pretrial order:

The pretrial statement and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should not be dispensed with.

2. Shortening or simplifying case:

None at this time.

3. Trial date:

The Parties propose that a trial date be scheduled after the ruling on class certification.

4. Trial counsel:

   a. Plaintiff's Trial Counsel:

Chase C. Alvord and James Bulthuis, Tousley Brain Stephens PLLC, 1700 Seventh Avenue, Suite 2200, Seattle, Washington 98101, (206) 682-5600; Matthew Ide, Ide Law Office, 7900 SE 28th Street, Suite 500, Mercer Island, Washington 98040, (206) 625-1326.

   b. Defendant CCS Commercial LLC's Trial Counsel:

William H. Walsh, Kevin A. Michael, Rachael R. Wallace, Cozen O'Connor, 999 Third Avenue, Ste. 1900, Seattle, Washington 98104, (206) 340.1000.

   c. Defendant Progressive Direct Insurance's Trial Counsel: J. Matthew Donohue (pro hac vice to be filed); Shannon Armstrong, Holland & Knight 2300 U.S. Bancorp Tower, 111 SW Fifth Avenue, Portland, Oregon 97204.

5. Dates for setting trial:

The Parties propose a scheduling conference after the ruling on class certification

JOINT STATUS REPORT AND DISCOVERY PLAN (2:17-CV-00476-RSL) - 7

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

6. Service:

Defendants have been served.

7. Scheduling conference:

Neither Party requests a settlement conference.

8. Video Recording of Hearings.

The parties consent to the recording of hearings in this matter.

DATED this 21st day of June, 2017.

TOUSLEY BRAIN STEPHENS PLLC

By: */s/ Chase C. Alvord*
    */s/ James Bulthuis*
Chase C. Alvord, WSBA #26080
calvord@tousley.com
James Bulthuis, WSBA #44089
jbulthuis@tousley.com
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
Telephone: 206.682.5600/Fax: 206.682.2992

IDE LAW OFFICE

By: */s/ Matthew J. Ide*
Matthew J. Ide, WSBA #26002
mjide@yahoo.com
7900 SE 28th Street, Ste. 500
Mercer Island WA 98040
Telephone: 206.625.1326
***Attorneys for Plaintiff***

COZEN O'CONNOR

By: */s/ William H. Walsh*
    */s/ Kevin A. Michael*
    */s/ Rachael R. Wallace*
William H. Walsh, WSBA #21991
wwalsh@cozen.com
Kevin A. Michael, WSBA #36976
kmichael@cozen.com
Rachel R. Wallace, WSBA #49778
rwallace@cozen.com
999 Third Avenue, Suite 1900
Seattle, WA 98104
Tel: 206.340.1000
***Attorneys for Defendant CCS Commercial, LLC***

JOINT STATUS REPORT AND DISCOVERY PLAN (2:17-CV-00476-RSL) - 8

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

HOLLAND & KNIGHT, LLP

By: _/s/ Shannon Armstrong_
Shannon Armstrong, WSBA #45947
shannon.armstrong@hklaw.com
2300 U.S. Bancorp Tower, 111 S.W. Fifth Avenue
Portland, OR 97204
Tel: 503.243.2300
***Attorney for Defendant Progressive Direct Insurance***

JOINT STATUS REPORT AND DISCOVERY PLAN (2:17-CV-00476-RSL) - 9

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

**CERTIFICATE OF SERVICE**

I hereby certify that on June 21, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties registered on the CM/ECF system.  All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED at Seattle, Washington, this 21st day of June, 2017.

*/s/ Chase C. Alvord*
Chase C. Alvord, WSBA #26080
calvord@tousley.com

JOINT STATUS REPORT AND DISCOVERY PLAN (2:17-CV-00476-RSL) - 10

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992