IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AYANNA ROSENBERG,<br><br>        Plaintiff,<br><br>  v.<br><br>CCS COMMERCIAL, L.L.C. (d/b/a Credit Collection Services Commercial), and PROGRESSIVE DIRECT INSURANCE COMPANY<br><br>        Defendants. | Case No. 2:17-cv-00476-MJP<br><br>**STIPULATED PROTECTIVE ORDER** |

1. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: claims materials, documents containing personal identifying information of insureds, documents containing personal health information, documents containing personal financial information, documents containing proprietary or competitive business information regarding business practices, policies and sales, documents containing financial and pricing information, and documents containing business information of third parties.

3. SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1 Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement, unless and until the restrictions in this Stipulated Protective Order are removed or modified either by agreement of the parties or by order of the Court. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) each party to this action, including the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material or any person retained or used by counsel for any part to assist counsel with respect to this action, provided that counsel for the party retaining the service or person instructs the service or person not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information

(h) any person whom the parties agree, in advance and in writing, may receive such discovery materials;

(i) any arbitrator, mediator, or discovery referee in this litigation, and employees and similar personnel of said arbitrator, mediator or discovery referee.

Page 3 – PROPOSED STIPULATED PROTECTIVE ORDER

No person authorized under Paragraphs 6(c), (f), and (h) of this Stipulated Protective Order to receive access to "CONFIDENTIAL" discovery materials shall be granted such access until such person has received a copy of this Stipulated Protective Order and agrees in writing to be bound by it by signing a copy of the agreement attached as Exhibit A to this Stipulated Protective Order. The original of each such written agreement shall be maintained by counsel for the party that seeks to disclose "CONFIDENTIAL" discovery materials pursuant to Paragraph 4.2. Further, each recipient of "CONFIDENTIAL" discovery materials shall not make any copies of or notes concerning such information for any purpose whatsoever, except in connection with this Action and solely for the purposes of this Action.

This Stipulated Protective Order does not prohibit a party from disclosing its own discovery materials which have been designated "CONFIDENTIAL" (unless designated by the nonproducing party), nor does this Stipulated Protective Order prohibit a party from disclosing discovery materials independently obtained from non-confidential sources or sources that do not designate the information as "CONFIDENTIAL" (unless such sources owe an obligation of confidentiality to the party asserting that the discovery materials are confidential).

4.4    New parties.  New parties hereafter brought into the action, and their counsel, may not be provided with copies of "CONFIDENTIAL" discovery materials until such time as the parties and their counsel indicate in writing their agreement to be bound by the terms of this Stipulated Protective Order.

4.5    Filing Confidential Material. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.  Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

    (a) <u>Information in documentary form:</u> (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings) The designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins). To the extent that it would be impractical to visibly mark discovery materials as "CONFIDENTIAL" (e.g. when producing materials in electronic form, or when the

non-producing party desires to have the materials treated as "CONFIDENTIAL"), discovery materials may also be designated as "CONFIDENTIAL" in contemporaneous correspondence.

(b) <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. The original, and all copies, of any deposition or portion thereof taken in this action and designated as "CONFIDENTIAL" shall be so designated by the court reporter. The court reporter shall provide copies of such deposition transcripts only to the deponents and counsel for the parties hereto. Unless agreed otherwise on the record, testimony need not be regarded as subject to this Stipulated Protective Order until and unless a party so designates it. Upon designation, the court reporter shall be instructed to mark and segregate designated testimony from the balance of the transcript. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1    <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time, but such a challenge shall be in writing. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2    <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

    6.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

    If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by paragraphs 6(a)-(i) of this Stipulated Protective Order to challenge or appeal any such order requiring production of "CONFIDENTIAL" discovery materials covered by this Stipulated Protective Order, or to subject itself to any penalties for noncompliance with any such order, or to seek any relief from a Court.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

8.1 Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any "CONFIDENTIAL" discovery materials, and shall be responsible for insuring that each of his or her regularly employed partners, associates, paralegal assistants, clerical staff, law clerks, and secretaries who are assisting in this Action and the proposed recipients of discovery materials are informed of the terms of this Stipulated Protective Order and their obligations under it.

8.2 If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

8.3    Neither the taking of any action in accordance with the provisions of this Stipulated Protective Order nor the failure to object to such action shall be construed as a waiver of any claim or defense in this action. Moreover, the inadvertent disclosure in connection with this action of one or more documents that the party producing the documents ("Producing Party") believes to contain or reflect confidential, proprietary, and/or trade secret information, shall not constitute a waiver with respect to such "CONFIDENTIAL" discovery materials. In the event of such an inadvertent disclosure of "CONFIDENTIAL" discovery materials, the Producing Party at any time may provide written notice to the other parties directing that all copies of such inadvertently disclosed "CONFIDENTIAL" discovery materials be treated as such consistent with the terms of this Stipulated Protective Order. A party may move, on reasonable notice, and on grounds other than the inadvertent production of such documents, for an order challenging the designation of such documents as "CONFIDENTIAL" discovery materials.

9.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10.    WAIVER

10.1    This Stipulated Protective Order shall not be deemed or construed as a waiver of any right to object to the furnishing of information in response to any discovery request. Nor shall this Stipulated Protective Order be deemed or construed as a waiver of the attorney/client, work product, or any other privilege, or of the rights of any party, person, or entity to oppose the production of any documents or information on any grounds. Further, nothing in this Stipulated

Protective Order shall be construed to limit, restrict, or otherwise affect the ability of any party to seek the production of documents, testimony, or information from any source.

10.2    This Stipulated Protective Order shall not be deemed or construed in any way to affect or to establish the admissibility or to waive any right to object to the admissibility at trial of any discovery materials covered by this Stipulated Protective Order.

10.3    Nothing in this Stipulated Protective Order shall prohibit a party from seeking additional, modified or further protection of confidential information or documents in this Action by stipulation among all the parties or motion to the Court.

10.4    The terms of this Stipulated Protective Order do not replace and shall not be construed as a novation of any existing obligations of confidentiality any party hereto may already owe to another.

10.5    Any and all existing obligations of confidentiality remain in existence to the extent they exist independent of this Stipulated Protective Order.

11. PREVIOUSLY PRODUCED MATERIALS

Any party may designate as "CONFIDENTIAL" any Materials that were produced during the course of this action without such designation before the effective date of this Order, as follows:

(a)    Parties to this action may designate such Materials by sending written notice of such designation, accompanied by copies of the designated Materials bearing the appropriate legend of "CONFIDENTIAL" to all other parties in possession or custody of such previously undesignated Materials. Any party receiving such notice and copies of designated Materials pursuant to this subparagraph shall return to the producing party all undesignated copies of such Materials in its custody or possession, or shall affix the appropriate legend to all copies of the designated Materials in its custody or possession.

(b) Upon notice of designation pursuant to this paragraph, parties shall also: (i) make no disclosure of such designated Materials or information contained therein except as allowed under

this Order; and (ii) take reasonable steps to notify any persons known to have possession of such designated Materials or information of the effect of such designation under this Order.

(c) All such designations must be made within thirty (30) days of the date of this Order.

12. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. As an alternative, within the same 60-day period, all documents containing "CONFIDENTIAL" discovery materials may be destroyed and such destruction confirmed in correspondence to counsel for the disclosing party. A party and its counsel of record need not destroy or return "CONFIDENTIAL" discovery materials incorporated in materials filed with the Court, subject to the terms of this Stipulated Protective Order.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise. Without limiting the generality of the foregoing, this Stipulated Protective Order shall survive or remain in full force and effect after the termination of this Action. Nothing in this Stipulated Protective Order shall limit or preclude any party from applying to the Court for relief from this Stipulated Protective Order, or for such further or additional protective orders as the Court may deem appropriate.

///
///
///
///
///

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

TOUSLEY BRAIN STEPHENS

DATED: September 15, 2017

s/ Chase Christian Alvord
Chase Christian Alvord
James M. Bulthuis
1700 Seventh Ave, Ste 2200
Seattle, WA 98101
Phone: 206-682-5600
Fax: 206-682-2992
Email: Calvord@tousley.com
Email: Jbulthuis@tousley.com

Matthew James Ide
7900 SE 28th Street, Ste 500
Mercer Island, WA 98040
Phone: 206-625-1326
Fax: 206-622-0909
Email: Mjide@yahoo.com

*Attorneys for Ayanna Rosenberg, individually, and on Behalf of all those similarly situated*

HOLLAND & KNIGHT LLP

DATED: September 15, 2017

s/ Shannon Armstrong
Shannon Armstrong, WSBA #45947
Email: shannon.armstrong@hklaw.com
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300
Fax: 503.241.8014

*Attorney for Progressive Direct Insurance Company*

| | |
|---|---|
| | COZEN O'CONNOR |
| DATED: September 15, 2017 | s/ Kevin A. Michael<br>Kevin A Michael<br>Nadia Bugaighis<br>William Harrison Walsh<br>999 Third Avenue, Ste 1900<br>Seattle, WA 98104<br>Phone: 206-373-7244<br>Email: Kmichael@cozen.com<br>Email: Nbugaighis@cozen.com<br>Email: Wwalsh@cozen.com<br><br>*Attorney for CCS Commercial, LLC* |

Page 13 – PROPOSED STIPULATED PROTECTIVE ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED: September 18, 2017.

*Marsha J. Pechman* (signature)

Marsha J. Pechman
United States District Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of Ayanna Rosenberg v. CCS Commercial, LLC, *et al.*, C17-476RSL. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Page 15 – PROPOSED STIPULATED PROTECTIVE ORDER

#53629275_v1